```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANDRES GONZALES,                    :

                  Plaintiff,        :    11 Civ. 3021 (DAB)(HBP)

   -against-                        :    REPORT AND
                                         RECOMMENDATION
TIANO'S CONSTRUCTION CORP.,         :
et al.,
                                    :
                  Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE DEBORAH A. BATTS, United States District Judge,

I. Introduction

By notice of motion dated August 9, 2012 (Docket Item 41), defendants Tiano's Construction Corp. ("Tiano") and Mitrani Plasterers Co. Inc. ("Mitrani) (collectively, "Defendants") move to dismiss the complaint.[1]

---

[1]Although the title of the memorandum of law Tiano and Mitrani submitted in support of their motion also referred to Tiano's Construction Mitrani Ceasare General Partnership, another defendant named in this action, the notice of motion itself did not seek relief with respect to this defendant (compare Docket Item 44 with Docket Item 41). Given this discrepancy and plaintiff's pro se status, I shall construe the motion as seeking relief only as to defendants Tiano and Mitrani, the defendants
(continued...)

Because Defendants submitted an affidavit in support of their motion, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, I construed the motion as a motion for summary judgment and issued an Order on January 4, 2013, advising the parties of this fact (Docket Item 50). My January 4 Order further advised the parties that I intended to consider the affidavit submitted by Defendants and advised Gonzales that he had until January 31, 2013 to submit any materials in opposition. My January 4 Order also incorporated the text of the notice to pro se litigants required by Local Rule 56.2 and the full text of Rule 56 of the Federal Rules of Civil Procedure. Gonzales did not submit any additional material.

For the reasons set forth below, I respectfully recommend that summary judgment be granted dismissing the action as to Tiano and Mitrani.

II.  Facts

The relevant facts are set forth in the Affidavit of Christopher R. Ross, Esq., dated August 7, 2012 (Docket Item 43) ("Ross Aff."). Gonzales does not controvert any of the material factual statements set forth in the Ross affidavit.

---

[1](...continued)
identified in the notice of motion.

On or about June 21, 2001, Gonzales, along with 12 other individuals, commenced an action in New York State Supreme Court against a number of contractors and insurance companies seeking unpaid wages and benefits for work performed by the plaintiffs at a number of New York City Housing Authority projects (Ex. A to Ross Aff.).

Pretrial motions were filed in the state court action, and the rulings on these motions were the subject of several appeals (Ross Aff. ¶ 9).  Ultimately, the New York Court of Appeals affirmed the dismissal of several of plaintiffs' causes of action, but reinstated plaintiffs' breach of contract and suretyship claims (Ross Aff. ¶ 9).  See Cox v. NAP Constr. Co., 10 N.Y.3d 592, 891 N.E.2d 271, 861 N.Y.S.2d 238 (2008).  A trial was held on these claims and resulted in the complete dismissal of these claims (Ross Aff. Ex. B at 3, 7).

Gonzales commenced this action on April 28, 2011 (Docket Item 2 ("Compl.")).  He alleges that he worked for Defendants from 1995 to 2000 (Compl. at III.B).  He further alleges that he "worked up to 12 hrs daily and [he] was never paid for all hrs" but instead "only received compensation for seven hrs" (Compl. at III.C).  In addition, he alleges that he "was denied vacation and never received any work benefits" (Compl. at III.C).  Gonzales seeks "to be compensated for the

full amount of extra hours [that he] worked" (Compl. at V).[2]

Tiano and Mitrani move to dismiss the complaint as against them on the grounds that (1) his claims are time-barred and (2) there is no private right of action under the Davis-Bacon Act.

III. Analysis

    A.  Summary Judgment Standard

The standards applicable to a motion for summary judgment are well-settled and require only brief review.

> Summary judgment shall be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This form of relief is appropriate when, after discovery, the party -- here plaintiff -- against whom summary judgment is sought, has not shown that evidence of an essential element of [his] case -- one on which [he] has the burden of proof -- exists. See Celotex

---

[2]In his complaint, Gonzales also states:

> I would also like to make a clarification, back in the year 2000 Mistrani [sic] Plasterers, Co. Inc. file[d] a lawsuit against me because according to them I claimed unemployment benefits, while they still had work to offer me. This is completely false and in regards to this matter all I ask is for my name to be cleared, because it's ruining my reputation and credibility.

(Compl. V). To the extent that Gonzales is asserting a claim for defamation, this claim is clearly time-barred. See N.Y. C.P.L.R. § 215(3) (one year statute of limitation applies to libel or slander action).

> Corp. v. Catrett, 477 U.S. 317, 323 (1986).  This form of remedy is inappropriate when the issue to be resolved is both genuine and related to a disputed material fact.  An alleged factual dispute regarding immaterial or minor facts between the parties will not defeat an otherwise properly supported motion for summary judgment.  See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).  Moreover, the existence of a mere scintilla of evidence in support of nonmovant's position is insufficient to defeat the motion; there must be evidence on which a jury could reasonably find for the nonmovant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
>
> If the movant demonstrates an absence of a genuine issue of material fact, a limited burden of production shifts to the nonmovant, who must "demonstrate more than some metaphysical doubt as to the material facts," and come forward with "specific facts showing that there is a genuine issue for trial."  Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993).  If the nonmovant fails to meet this burden, summary judgment will be granted against it.  Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004); accord Jeffreys v. City of New York, 426 F.3d 549, 553-54 (2d Cir. 2005); Gallo v. Prudential Residential Servs., Ltd., supra, 22 F.3d at 1223-24.

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists . . . .  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant . . . .  Stated more succinctly, '[t]he evidence of the non-movant is to

be believed.'"  Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 253-54 (2d Cir. 2002) (citations omitted).  See also Jeffreys v. City of New York, supra, 426 F.3d at 553 ("'Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.'"), quoting Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996); accord Make the Road by Walking, Inc. v. Turner, 378 F.3d 133, 142 (2d Cir. 2004); Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

   B.  Gonzales's Claims

     Read leniently, Gonzales's complaint can be construed as asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 291, et seq., arising out of work he performed for Tiano and Mitrani (Compl. at III.C).  I conclude that any claims that Gonzales may have under the FLSA are time-barred.

     As noted above, the complaint expressly alleges that Gonzales's claims arise out of events occurring between 1995 and 2000 (Compl. at III.B).  This action was commenced on April 28, 2011, when the complaint was received by the Court's Pro Se Office.  An action under the FLSA must be commenced within two years of non-willful violations and within three years of willful violations.  29 U.S.C. § 255.  Thus, even if I assume a willful

6

violation here, the action was commenced approximately eight years after the expiration of the most favorable limitations period available.  Accordingly, this action is time-barred.

Finally, Defendants' argument that Gonzales's complaint should be dismissed based on Grochowski v. Phoenix Construction Corp., 318 F.3d 80 (2d Cir. 2003), is somewhat misplaced.  In Grochowski, the Court of Appeals for the Second Circuit considered the Davis-Bacon Act, which "requires that all laborers and mechanics working on federally funded construction projects be paid not less than the prevailing wage in the locality where the work is performed."  318 F.3d at 85, citing 40 U.S.C. § 276a.  The court held that a plaintiff cannot bring common law breach of contract or quantum meruit claims to enforce the prevailing wage schedules contained in the Davis-Bacon Act.  Grochowski v. Phoenix Constr. Corp., supra, 318 F.3d at 86.  It reasoned that because there is no private right of action under the Davis-Bacon Act, "to allow a third-party private contract action aimed at enforcing those wage schedules would be 'inconsistent with the underlying purpose of the legislative scheme [of administrative remedies] and would interfere with the implementation of that scheme to the same extent as would a cause of action directly under the statute."  Grochowski v. Phoenix Constr., supra, 318 F.3d at 86; accord Gunther v. Capital One, N.A., 703 F. Supp. 2d

7

264, 271 (E.D.N.Y. 2010).  Thus, if Gonzales had brought a state law claim based on Defendants' failure to comply with the wage provisions required by Davis-Bacon Act, Defendants are correct that Grochowski would bar that claim.  Grochowski does not, however, apply here because it does not appear that Gonzales is asserting state law claims.[3]

IV.  Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that summary judgment be granted in favor of defendants Tiano and Mitrani and that this action be dismissed as against them.

V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable

---

[3] I also note that any state law claims would have to be founded on diversity jurisdiction, which appears to be lacking here.  In his complaint, Gonzales list both his address and Defendants' addresses as in New York state (Compl. at I.A, I.B).

Deborah A. Batts, United States District Judge, 500 Pearl Street, Room 2510, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        February 6, 2013

Respectfully submitted,

/s/ Henry Pitman

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Mr. Andres Gonzales
10 Richmond Plaza
Apt. #9G
Bronx, New York  10453

Christopher C. Ross, Esq.
Law Office of Christopher Ross
573 South Country Rd
East Patchogue, New York  11772

Lloyd Robert Ambinder, Esq.
Virginia & Ambinder, LLP
111 Broadway
New York, New York  10006